# EXHIBIT A

20CV00619
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| **CARLA JAMES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.** |
| **v.** | ) | |
| | ) | **Chapter 60** |
| **RAILCREW XPRESS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through her attorneys of record, and for her Complaint against Defendant states as follows:

**PARTIES, VENUE, AND SUBJECT MATTER JURISDICTION**

1. Plaintiff Carla James ("Plaintiff" or "James") is an individual resident of the State of Missouri, residing in Clay County, Missouri.

2. Upon information and belief Defendant Railcrew Xpress is a Kansas Corporation.

3. All acts and events complained of herein occurred in Johnson County, Kansas within the geographical limits of the Johnson County, Kansas.

4. Plaintiff has received a Right to Sue Letter from the EEOC regarding her claims under the Age Discrimination in Employment Act and the Americans with Disabilities Act as Amended and Plaintiff has exhausted her administrative remedies.

**FACTS COMMON TO ALL COUNTS**

5. Plaintiff is an employee of Defendant Railcrew Xpress.

*Clerk of the District Court, Johnson County Kansas*
*02/03/20  09:49am HS*

6.  Plaintiff has worked for Defendant for approximately six (6) years.

7.  While plaintiff has been employed she has met and exceeded all of Defendant's expectations and job requirements.

8.  The Department of Labor conducted an investigation of Defendant.

9.  Following the investigation it was determined that Plaintiff's job was incorrectly deemed exempt and that it does not meet the requirements for an exempt position.

10. Plaintiff participated in the investigation conducted by the Department of Labor.

11. Defendant knew that Plaintiff participated in the investigation and provided information to the Department of Labor.

12. Following Plaintiff's participation in the Department of Labor investigation, Plaintiff was retaliated against.

13. Plaintiff attempted to secure an alternative job with Defendant.

14. Plaintiff was not hired for the job.

15. Plaintiff was not hired for the job due to her participation in the Department of Labor's investigation.

16. Plaintiff is over the age of 40.

17. Due to Plaintiff's age she was treated discriminatorily.

18. Due to Plaintiff's age she her job was classified as hourly instead of hourly plus.

19. When Plaintiff's job was classified as hourly she lost benefits including but not limited to, health insurance, long term disability insurance, short term disability insurance, and vacation pay.

2

20. Employees who were classified as hourly plus continued to receive the benefits listed in paragraph 21.

21. In January 2019 Plaintiff had cataracts surgery.

22. Plaintiff's cataracts surgery affected her daily life activity of lifting and seeing.

23. Plaintiff was placed on weight restrictions for lifting.

24. Plaintiff attempted to secure a reasonable accommodation based on plaintiff's ability to lift.

25. Plaintiff's reasonable accommodation request was denied.

26. Following Plaintiff's request for reasonable accommodations her treatment continued to deteriorate.

27. On a frequent basis Plaintiff am required to lift outside of the limitations set by Plaintiff's doctor.

**COUNT I: VIOLATION OF 29 U.S.C. §215 et seq.**

28. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 27 of this Complaint.

29. Defendant's actions, as noted above, constitute a violation of the Fair Labor Standards Act ("FLSA").

30. Defendant's actions, as noted above, constitute retaliation under the FLSA.

31. Defendant's actions, as noted above, constitute a willful violation and retaliation under the FLSA.

32. As a direct and proximate result of the Defendant's conduct, Plaintiff experienced economic loss, irreparable harm to reputation, experienced and will continue to

3

experience emotional trauma, and incurred attorney's fees in an effort to help her vindicate her rights.

## COUNT II: DISCRIMINATION IN VIOLATION OF 29 U.S.C. §621 et seq.

33. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 32 of this Complaint.

34. Defendant's actions, as noted above, constituted discrimination in violation of the ADEA.

35. Defendant's actions, as noted above, were discriminatory, continuous, knowing and intentional, and willful, as such Plaintiff is entitled to liquidated damages.

36. At the time these actions were taken by Defendant, Defendant knew that their actions were unlawful.

37. As a direct and proximate result of the Defendant's conduct, Plaintiff experienced economic loss, irreparable harm to reputation, experienced and will continue to experience emotional trauma, and incurred attorney's fees in an effort to help her vindicate her rights.

## COUNT III: DISCRIMINATION IN VIOLATION OF 42 USCA § 12101

38. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 37 of this Complaint.

39. Defendant's actions, as noted above, constituted discrimination in violation of the ADAAA.

*Clerk of the District Court, Johnson County Kansas*
*02/03/20  09:49am HS*

40. Defendant's actions, as noted above, were discriminatory, continuous, knowing and intentional, and willful, as such Plaintiff is entitled to punitive damages.

41. At the time these actions were taken by Defendant, Defendant knew that their actions were unlawful.

42. As a direct and proximate result of the Defendant's conduct, Plaintiff experienced economic loss, irreparable harm to reputation, experienced and will continue to experience emotional trauma, and incurred attorney's fees in an effort to help her vindicate her rights.

## COUNT IV: RETALIATION IN VIOLATION OF 42 USCA § 12101

43. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 42 of this Complaint.

44. Defendant's actions, as noted above, constituted retaliation in violation of the ADAAA.

45. Defendant's actions, as noted above, were retaliatory, continuous, knowing and intentional, and willful, as such Plaintiff is entitled to punitive damages.

46. At the time these actions were taken by Defendant, Defendant knew that their actions were unlawful.

47. As a direct and proximate result of the Defendant's conduct, Plaintiff experienced economic loss, irreparable harm to reputation, experienced and will continue to experience emotional trauma, and incurred attorney's fees in an effort to help her vindicate her rights.

*Clerk of the District Court, Johnson County Kansas*
*02/03/20  09:49am HS*

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendant for

compensatory damages in such amount as is fair and reasonable to compensate her for her

injuries, but in any event no less than $75,000.00 (Seventy-Five Thousand Dollars) or in the

alternative for nominal damages, prays for attorney's fees, prays for reinstatement of benefits

and other equitable relief, prays for punitive damages, prays for liquidated damages and further

prays for such other or additional relief as the Court may deem just.  Plaintiff further demands

trial by jury of all counts and causes of action in this Petition.

Respectfully submitted,


/s/Brooke Davids
Brooke Davids KS Bar No. 25070
**TGH Litigation LLC**
Kevin A. Graham KS Bar No. 16493
**GRAHAM LAW GROUP, P.C.**
11 East Kansas
Liberty, Missouri 64068
(816) 792-0500
Fax (816) 781-6843
kevin@grahamlg.com
brooke@tghlitigation.com

**ATTORNEYS FOR PLAINTIFF**

6

*Clerk of the District Court, Johnson County Kansas*
*02/03/20  09:49am HS*